To THE PETITIONS OF COUNSEL OF APPELLANTS AND APPELLEES FOR A REHEARING
JUDGE OOFER
DELIVERED THE FOLLOWING RESPONSE OF THE COURT:
After a careful reconsideration of the case so far as the appellant Craycraft is concerned we see no reasons for changing the opinion originally announced.
We do not decide, as counsel seem to understand, that all of section 5 of the old charter is repealed. We only decide that, inasmuch as the new charter provides for suits to enforce liens for improvements, and does not prescribe the mode of procedure, the legislature intended to leave the mode to be regulated by the general laws applicable to other cases for the enforcement of liens.
It is true that there is no provision in the Code providing for the collection of taxes by suit in equity, and it is likewise •true that there is no such provision in regard to any particular class of liens; but the'Courts of equity have jurisdiction of such cases under general rules applicable alike to all. The *711 charter gives a lien and authorizes it to be enforced by suit in equity, and the details of the proceeding might well be left to be regulated by the general provisions of law applicable to other suits for enforcing liens.
We did not decide that that part of the section which gives to the defendants in such cases a right to redeem property sold to satisfy liens for street improvements was repealed, nor do we regard that question as in any wise affected by the decision made.
We have carefully reconsidered the case on its merits; and, being unable to discover that we have erred, the petitions for a rehearing are overruled.